**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-86(3) |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KASSANDRA TORAN, | : | |
| | : | |
| Defendant. | : | |

---

**ORDER GRANTING DEFENDANT'S
MOTION TO TERMINATE PROBATION (Doc. 124)**

---

This matter is before the Court on Defendant Kassandra Toran's Motion to Terminate Probation (Doc. 124). The Government does not oppose the motion. (*See* Response, Doc. 127.) Thus, this matter is ripe for review.

On October 24, 2022, Toran pled guilty to Destruction of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519. (10/24/2022 Minute Entry; Plea Agreement, Doc. 101.) On February 6, 2023, the Court sentenced Toran to a three-year term of probation. (Judgment, Doc. 108.) Now, Toran requests that the Court terminate her term of probation early.

The early termination of probation is governed by 18 U.S.C. § 3564(c), which reads:

The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a

felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Federal Rule of Criminal Procedure 32.1(c) requires a hearing before modifying the conditions of probation unless—as is the case here—the relief sought is favorable to the defendant and the government does not oppose such relief.

To date, Toran has served approximately 21 months of probation—nearly two thirds of the three-year term imposed by this Court. Toran is therefore eligible for early termination of probation, and the Court examines her conduct, the interests of justice, and the 18 U.S.C. § 3553(a) factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need to promote respect for the law, afford adequate deterrence, protect the public, and provide the defendant with education or vocational training, medical care, or other correctional treatment; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense."

After considering the statutory requirements, the Court finds it appropriate to grant Toran's unopposed request to terminate the remaining term of her probation at this juncture. Not only has Toran served around 21 months of probation, but she has also put that time to good use. Specifically, Toran has obtained her Commercial Driver's License ("CDL") and has maintained steady employment as a bus operator since January 2024.

(Motion to Terminate, Doc. 124, Pg. ID 776.) As the Government points out, Toran has not had any known issues with law enforcement or probation since she was charged with the offense conduct in 2018. (Response, Doc. 127.)

The nature and circumstances of Toran's offense show that she remotely erased her husband's phone despite knowing that he was the target of a federal investigation. (Plea Agreement, Doc. 101, Pg. ID 538.) Such conduct necessitates punishment. However, in light of the current context, the Court finds that the served term of probation accomplished the goals of sentencing, such as providing adequate deterrence, protecting the public, and affording opportunity for vocational training. *See* 18 U.S.C. § 3553(a)(2). For all these reasons, the Court concludes that terminating Toran's term of probation is warranted by her conduct, the interests of justice, and the § 3553(a) factors.

Accordingly, the Court **GRANTS** Defendant Toran's Motion to Terminate Probation (Doc. 124). Kassandra Toran's term of probation is hereby **TERMINATED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

3